United States District Court
District of Massachusetts

| | |
|---|---|
| Dawn Costa,            ) | |
| )            | |
| Plaintiff,            ) | |
| )            | |
| v.            ) | Civil Action No. |
| )            | 21-11501-NMG |
| Dvinci Energy, Inc.,  ) | |
| )            | |
| Defendant.            ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This action arises from telemarketing calls allegedly made by defendant Dvinci, Inc. ("defendant" or "Dvinci"), in violation of the Telephone Consumer Protection Act ("the TCPA"), 47 U.S.C. § 227.[1] Plaintiff Dawn Costa ("plaintiff" or "Costa"), claims to have received four telemarketing calls from defendant in July, 2021, and seeks to represent a nationwide class of people who received similar calls from or on behalf of defendant.

Pending before the Court is the motion of Dvinci to strike the class allegations in the plaintiff's complaint (Docket No. 11). For the reasons that follow, that motion will be denied.

---

[1] In its motion, defendant refers to itself as "Dvinci, Inc." and asserts that plaintiff misidentifies it as "Dvinci Energy, Inc."

-1-

I.  **Background**

Defendant Dvinci is a "lead generation service" that specializes in finding prospective customers for solar energy companies.  Plaintiff alleges that Dvinci was responsible for four telemarketing calls that she received in July, 2021, all of which used a similar sales script.  Costa avers that the telephone number at which she received those calls was a residential, non-business number which had been listed on the National Do Not Call Registry ("the Registry") for more than 30 days.  She claims that she did not provide her prior express written consent to receive calls from defendant.

In September, 2021, Costa commenced this action on behalf of herself and putative class members, alleging that Dvinci's solicitations violated the TCPA.  She seeks to represent a class composed of

> [a]ll persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls [sic] from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior [sic] the filing of the Complaint.

Shortly thereafter, defendant filed the pending motion to strike plaintiff's class allegations.

## II. <u>Motion to Strike Class Allegations</u>

### A.  Legal Standard

Fed. R. Civ. P. 12(f) permits a court to strike class allegations from the complaint

> [i]f it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis.

<u>Manning</u> v. <u>Boston Med. Ctr. Corp.</u>, 725 F.3d 34, 59 (1st Cir. 2013); <u>see</u> Fed. R. Civ. P. 12(f).

One reason that a court may strike class allegations is that the proposed class, as defined by the plaintiff, is "fail-safe", <u>i.e.</u> it defines its membership in terms of the defendant's liability. See <u>In re Nexium Antitrust Litig.</u>, 777 F.3d 9, 22 (1st Cir. 2015) (explaining that a fail-safe class is "a class defined in terms of the legal injury").  Put differently, a fail-safe class admits only those people to whom the liability of the defendant is already established. See <u>Bais Yaakov of Spring Valley</u> v. <u>ACT, Inc.</u>, 328 F.R.D. 6, 13-14 (D. Mass. 2018).  Such classes are impermissible because

> they make it virtually impossible for the [d]efendant[] to ever 'win' the case, with the intended class preclusive effects, as any class member against whom [d]efendant succeeds is thereby excluded from the class.

<u>MSP Recovery Claims, Series LLC & Series 17-04-631</u> v. <u>Plymouth Rock Assurance Corp., Inc.</u>, 404 F. Supp. 3d 470, 485 (D. Mass.

2019) (quoting In re Nexium Antitrust Litig., 777 F.3d at 22 n.19) (internal quotation marks omitted).

Nevertheless, district courts are forewarned to exercise caution when striking class allegations based solely on the pleadings. Manning, 725 F.3d at 59.  Striking a portion of a pleading is a "drastic remedy" which, in the context of a class action, "preemptively terminate[s] the class aspects" of the litigation before plaintiffs are permitted to engage in discovery concerning certification. Id. (citing 5C Charles Alan Wright, et al., Federal Practice & Procedure § 1380 (3d ed. 2011) and Mazzola v. Roomster Corp., 849 F. Supp. 2d 395, 410 (S.D.N.Y. 2012)).  Instead, class definitions that run afoul to the proscription on fail-safe classes

> can and often should be solved by refining the class definition rather than by flatly denying class certification on that basis.

O'Hara v. Diageo-Guinness, USA, Inc., 306 F. Supp. 3d 441, 468 (D. Mass. 2018).

**B.  Application**

Dvinci contends that the proposed class is fail-safe—and thus must be struck—because it defines its membership in terms of Dvinci's liability under the TCPA.

The TCPA authorizes the Federal Communications Commission ("the FCC") to regulate telephone solicitations made to

residential telephone subscribers. 47 U.S.C. § 227(c). Pursuant to that authority, the FCC has prohibited the solicitation by telephone of any person "who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). A caller will not be liable for making solicitations to a number listed on the Registry if, however, 1) the call is made in error, 2) the caller has obtained the person's "prior express invitation or permission" or 3) the caller has a personal relationship with the recipient of the call. Id.

The proposed class definition tracks the language of the TCPA and related FCC regulations in several important respects. It requires, for instance, that class members have listed their number on the Registry for more than 30 days and have received more than one call from Dvinci within a 12-month period. Nevertheless, the Court is unpersuaded that the class is fail-safe. Although the statute and the proposed definition employ similar language, a person's membership can be determined without reaching any legal conclusions about Dvinci's liability. See Young v. Nationwide Mut. Ins. Co., 693 F.3d 532, 538 (6th Cir. 2012) (declining to find fail-safe class because "[p]laintiffs' classes will include both those entitled to relief and those not"). For instance, the proposed class could

encompass people to whom Dvinci would not be liable, such as those who had given Dvinci prior written consent to solicit or those whom Dvinci called by mistake.

Most district courts that have considered similar proposed classes are in accord. See, e.g. Johansen v. One Planet Ops, Inc., No. 2:16-cv-00121, 2018 U.S. Dist. LEXIS 47776, at *4 (S.D. Ohio Mar. 5, 2018) (holding that an essentially identical proposed class was not fail-safe); Panacci v. A1 Solar Power, Inc., No. 15-cv-00532-JCS, 2015 U.S. Dist. LEXIS 77294 at *22-24 (N.D. Cal. June 15, 2015) (same); but see Bryant v. King's Creek Plantation, L.L.C., No. 4:20-CV-00061, 2020 WL 6876292, at *3 (E.D. Va. June 22, 2020) (striking TCPA class as fail-safe). Recently, another session of this Court denied a motion to strike class allegations in a TCPA case with a similar, albeit somewhat more restrictive, class definition. Sagar v. Kelly Auto. Grp., Inc., No. 21-cv-10540-PBS, 2021 U.S. Dist. LEXIS 227781, at *20 (D. Mass. Nov. 29, 2021) (holding that the requirement of listing on the Registry did not create a class "impermissibly based on a legal conclusion"). This Court agrees that it is "difficult to imagine" how a plaintiff could define a TCPA class without requiring that its members have telephone numbers listed on the Registry or have received calls from

defendant. It likewise concludes that such criteria "do[] not trigger fail-safe concerns." Id.

Defendants nevertheless illogically contend that the proposed class is fail-safe because class members

> must be similarly situated to [p]laintiff by also not providing prior express written consent to be called.

As has been discussed, no such mandate appears in the proposed class definition and the objection seems better directed at the class's compliance with the requirements of Fed. R. Civ. P. 23(a) and (b)(3). Any such argument is premature at best. Costa has plausibly alleged that there are questions of law and fact common to the claims of the class members which predominate over other issues and the Court thus will not strike the class allegations at this juncture. Rosenberg, 435 F. Supp. 3d at 318 (holding that defendant's "citation of consent as a potential affirmative defense is insufficient to warrant striking the putative class solely on the pleadings").

## ORDER

For the foregoing reasons, defendant's motion to strike plaintiff's class allegations (Docket No. 11) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 22, 2022